**YONG JIAN JIANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

No. 03–40471.

United States Court of Appeals, Second Circuit.

April 20, 2006.

Gang Zhou, New York, New York, for Petitioner.

Ralph Andrew Price, Jr., Assistant United States Attorney, Alexandria, Virginia (Paul J. McNulty, United States Attorney), for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges, and NICHOLAS G. GARAUFIS, District Judge.*

* The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Petitioner Yong Jian Jiang ("Jiang" or "petitioner") petitions for review of the BIA's summary affirmance, *In re Jiang*, A75–340–343 (BIA Aug. 12, 2003), of the Immigration Judge's decision, rendered orally on January 25, 2002, (Sarah M. Burr, *I.J.*), rejecting Jiang's claims for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues on appeal.

We describe so much of the background as is necessary to understand our decision. Jiang testified that he left China in November 2000 because of persecution by the Chinese family planning policy. He explained that he was detained on October 27–29, 2000, by officers from the Langqi birth control office, at his girlfriend's home. On October 27, after taking away Jiang's girlfriend, the police arrested Jiang. Jiang remained locked in a room at the office for the rest of the day, and was not given any food. On October 28, he was also not given any food. Later that day, one officer struck Jiang multiple times, while another punched him repeatedly in the gut, chest, and abdomen. Jiang then felt himself being kicked in the leg. Petitioner remained there for the rest of the day and was never fed. When he was released the following day, his mother informed him that his girlfriend had had an abortion while he was detained.

Where the BIA summarily affirms the IJ, we review the IJ's decision directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's factual findings under the substantial evidence standard of review, "reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecu-

tion or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted). The IJ is required to support her determination with evidence that is reasonable, substantial, and probative when considered in light of the record as a whole. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). This Court's review is limited "to the reasoning of the IJ, and [the court] will not search the record independently for a basis to affirm the BIA." *Secaida–Rosales,* 331 F.3d at 305. We defer to the BIA's interpretation of the statutory law it administers, *Osorio v. INS,* 18 F.3d 1017, 1022 (2d Cir.1994), reversing only when its interpretations are unreasonable. *Id.* However, in *Diallo* we explained, "when review involves mixed questions of law and fact, the standard of review is far less deferential. Thus, when the situation presented is the BIA's application of legal principles to undisputed facts, rather than its underlying determination of those facts or its interpretation of its governing statutes, 'our review of the BIA's asylum and withholding of deportation determinations is *de novo.*'" 232 F.3d at 287 (quoting *Singh v. Ilchert,* 63 F.3d 1501, 1506 (9th Cir.1995)).

"To establish eligibility for Asylum, a petitioner must show that he is a 'refugee' within the meaning of the Immigration and Nationality Act, i.e. that he has suffered past persecution on account of 'race, religion, nationality, membership in a particular social group, or political opinion,' or that he has a well-founded fear of future persecution on these grounds." *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 148 (2d Cir.2003) (quoting 8 U.S.C. § 1101(a)(42)). Moreover,

> [a] showing of past persecution sets up a rebuttable presumption of a well-founded fear of future persecution, which is overcome only if a preponderance of the evidence establishes that a change in circumstances in the applicant's country of nationality has occurred such that the applicant's fear is no longer well-founded.

*Id.* at 148 (internal quotation marks omitted).

In *Tian–Yong Chen v. INS,* 359 F.3d 121 (2d Cir.2004), we stated that "persecution" in the asylum context means that, although "the conduct must rise above mere harassment," the term includes "more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category." *Id.* at 128 (quoting *Begzatowski v. INS,* 278 F.3d 665, 669 (7th Cir.2002)). *Begzatowski,* the Seventh Circuit case we quoted with approval in *Chen,* states that "[t]ypes of actions that might cross the line from harassment to persecution include: detention, arrest, interrogation, prosecution, imprisonment, illegal searches, confiscation of property, surveillance, beatings, or torture." 278 F.3d at 669 (internal quotation marks omitted). In *Chen* we held that because the IJ and BIA failed to acknowledge the evidence that mistreatment had taken place, and because the persecution inquiry is so fact-bound, remand was necessary to allow the IJ and BIA to construe the facts and determine whether sufficiently severe mistreatment was proved in the first instance. 359 F.3d at 129. Under *Chen,* the IJ and BIA were to look to the totality of the circumstances when deciding whether persecution had been established. *Id.*

Here, we are presented with the IJ's application of legal principles to undisputed facts, which we review *de novo. See Diallo,* 232 F.3d at 287. In *Diallo,* we explained that the IJ is required to support her determination with evidence that is reasonable, substantial, and probative when considered in light of the record as a whole. *Id.* In petitioner's case, the IJ's

explanation as to why she found no persecution was that she "[did] not feel that what he describe[d] constitute[d] past persecution." We are not convinced that the IJ's decision on this point is supported by reasonable, substantial, and probative evidence, for it is unclear from the record and her decision whether the IJ considered the totality of the circumstances, as provided for in *Chen*. We acknowledge that our Circuit has never defined persecution with great precision. However, we have given many examples of what we do, and do not, consider to rise to the level of persecution. *See e.g. Chen, United States v. Sokolov*, 814 F.2d 864 (2d Cir.1987). It is not apparent from the IJ's oral decision whether she considered these cases or legal backdrop when making the critical decision that petitioner's treatment did not rise to the level of persecution. On remand, the IJ must look to the totality of the circumstances, and the relevant statutory and case law, to determine whether the treatment here amounted to persecution. We note that petitioner's girlfriend's abortion would seem to be among the circumstances that should be considered alongside the detention, starvation, and beating. *See In re Y–T–L–*, 23 I. & N. Dec. 601, 605–08, 2003 WL 21206539 (BIA 2003).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order.